# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JACOB R. PRATT, | 3:11-cv-00604-RCJ (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| JAMES COX, *et al.*, | |
| Defendants. | |

Before the court is Defendants James Cox *et al.*'s Motion to Seal Medical Records Filed in Support of Defendants' Motion for Summary Judgment (Doc. # 18). Plaintiff Jacob R. Pratt has not filed an Opposition Brief.

Defendants seek an order sealing a large portion of Pratt's medical records, submitted in four parts as Exhibit T (*see* Docs. # 22, # 22-1, # 22-2). Defendants contend "[t]here is little need for public disclosure of this information, as compared to the significant interest in preserving the confidentiality of this private and sensitive information." (Doc. # 18 at 2.) Defendants further contend Pratt will not be prejudiced by the sealing of this information because the records will be sent to the Warden's Office at Ely State Prison and "will be made available to [Pratt] for review at his request." (*Id.*)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a

strong presumption in favor of access is the starting point." *Id*.

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (internal quotations and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. *See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, Civil No. 09–000545 SOM/BMK, 2010 WL4715793, at *1-2 (D. Haw. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08–1084 MMC (PR), 2010 WL3755654, at *4 (N.D. Cal. Sept. 24, 2010).

Here, all four parts of Exhibit T (totaling 202 pages) contain Pratt's sensitive health information, including his medical history, physical examination notes, progress notes, physician's orders and medication logs. Balancing the need for the public's access to information about Pratt's medical history, treatment, and condition against the need to maintain the confidentiality of Pratt's medical records, weighs in favor of sealing this exhibit. Accordingly, Defendants' Motion to Seal Medical Records Filed in Support of Defendants' Motion for Summary Judgment (Doc. # 18). **GRANTED**.

**IT IS SO ORDERED**.

DATED: December 19, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2