**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JACOB R. PRATT,

        Plaintiff,

vs.

JAMES COX, et. al.

        Defendants.

3:11-cv-00604-RCJ-WGC

**REPORT AND RECOMMENDATION**
**OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion to Alter or Amend the Judgment. (Doc. # 35.)[1] Defendants have opposed the motion. (Doc. # 37.)

After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Jacob R. Pratt, was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 5 at 1.) He is a pro se litigant, who brought this action pursuant to 42 U.S.C. § 1983. (*Id.*) The events giving rise to this litigation occurred while he was housed at Ely State Prison (ESP).

Plaintiff alleged that Defendants had inadequately overseen and implemented policies governing his security classification and his placement and continuing confinement in

---

[1] Refers to court's docket number.

disciplinary segregation. First, he contended his procedural due process rights were violated when he was arbitrarily classified as a High Risk Potential (HRP) inmate, denying him a proper disciplinary or classification hearing, and indefinitely confining him in disciplinary segregation. Second, he alleged that his Eighth Amendment rights were violated because his confinement in disciplinary segregation denied him access to nutritious food and adequate warm clothing, yard time, exercise and fresh air. Finally, he averred that he was denied the opportunity to purchase a dictionary and take correspondence courses while housed in disciplinary segregation in violation of the First Amendment.

On December 19, 2012, the court issued a report and recommendation that Defendants' motion for summary judgment be granted and Plaintiff's cross-motion for summary judgment be denied. (Doc. # 31.) At that time, Plaintiff was advised he could file an objection to the report and recommendation within fourteen days of when he received it. (*Id.* at 15.)

No objection was filed, and on February 25, 2013, District Judge Robert C. Jones entered an order adopting and accepting the report and recommendation, granting Defendants' motion for summary judgment and denying Plaintiff's cross-motion for summary judgment. (Doc. # 33.) Judgment was entered the same date. (Doc. # 34.)

On March 8, 2013, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. # 35.) Plaintiff takes issue with a determination regarding mootness; argues that the court failed to take into account the totality of conditions with respect to his second count; asserts that he mistakenly referred to a document number in his cross-motion**;** contends that the court misread some exhibits; and claims the conditions at ESP are atrocious.

## **II. LEGAL STANDARD**

"A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted). Further, the Ninth Circuit

2

has held that a Rule 59(e) motion should not be granted absent "highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (citation omitted). Thus, there are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner*, 338 F.3d at 1063 (citation omitted).

## III. DISCUSSION

Plaintiff timely filed his motion to alter or amend the judgment; however, he has not set forth adequate grounds to alter or set aside the judgment.

**A. Mootness**

First, Plaintiff argues that no issue raised by Plaintiff could be deemed moot because he requested monetary damages, and the issues raised are "capable of repetition, yet evading review." (Doc. # 35 at 2.) Plaintiff acknowledges that he is no longer in disciplinary segregation, but contends that he could be placed back there at any time. (*Id.*)

The court mentioned that Plaintiff's claim that there was a ban on purchasing new athletic shoes by virtue of his placement in disciplinary segregation appeared moot because he was no longer in segregation. (Doc. # 31 at 10.) The court did not rest its finding on this claim on the mootness principle; instead, the court stated that even if Plaintiff were still in disciplinary segregation, Plaintiff's complaint about athletic shoes was not sufficiently serious to trigger constitutional protection. (*Id.*) Therefore, to the extent Plaintiff asserts that the court erred in deeming his claim moot, that was not the case, and is not a basis for altering or amending the judgment.

**B. Totality of the Circumstances**

Second, Plaintiff states that with respect to count 2, the court did not look at the totality

3

of conditions argument raised by Plaintiff. (*Id.*)

While Plaintiff maintains that the court should have looked at the totality of the circumstances, the court found no evidence of deliberate indifference with respect to any of Plaintiff's asserted conditions which he claimed violated the Eighth Amendment. With respect to his claim that he was deprived of nutritionally adequate food, the court found Plaintiff received adequate food for sustenance at ESP (Doc. # 31 at 9), and that he was able to and did purchase additional food items at the prison canteen (*id.*). Importantly, the court found the record lacked evidence that the named defendants knew of and disregarded an excessive risk to Plaintiff's health because *they did not personally participate* in the meal service of which Plaintiff complained. (*Id.* at 10.) Therefore, there could be no liability for the defendants Plaintiff implicated in the meal service claim whether or not it was viewed as part of a totality of circumstances with other claims.

With respect to Plaintiff's claim that he got little yard time, the court found Plaintiff failed to assert a serious deprivation because any denial of yard time he experienced was only temporary in nature. (*Id.*)

As to his claim that it gets cold at ESP, both on the yard and in his cell, the evidence in the record reflected that Plaintiff's cell was maintained between sixty-eight and seventy-two degrees and that Plaintiff was able to and did purchase additional clothing items that could be used for warmth. (Doc. # 31 at 11.)

In sum, Plaintiff has not set forth an adequate basis for altering or amending the judgment because even if the court looked at each of these alleged conditions of confinement together, it would still not find a basis for imposing Eighth Amendment liability on Defendants.

**C. Mistake in Document Number**

Third, Plaintiff contends that he made a mistake regarding document numbers in his cross-motion. (Doc. # 35 at 2.) He claims he mistakenly referred to Doc. # 22 as Defendants' motion for summary judgment, when in fact it was Doc. # 19. (*Id.*) Plaintiff appears to imply this was the reason his cross-motion was denied.

4

It is not clear how Plaintiff's mistaken referral to the document number of Defendants' motion has any impact on the court's analysis. As Plaintiff himself points out, it was fairly obvious to which document Plaintiff was referring. Therefore, this is not an adequate basis to alter or set aside a judgment.

**D. Court Mistakes Regarding Evidence**

Fourth, Plaintiff asserts that the court made several mistakes regarding what various exhibits represented. (*Id.*) He argues that Defendants filed a lot of exhibits that were not relevant and: "This court just skimmed through [exhibits] and got evidence wrong." (*Id.* at 3.) He states that he pointed this out in his cross-motion. (*Id.* at 3.)

Here, while Plaintiff believes the court misinterpreted exhibits or just "skimmed" exhibits. This is not the case. The court carefully reviewed each side's briefing and all exhibits. More importantly, Plaintiff says that he pointed out deficiencies in Defendants' exhibits in his cross-motion. Therefore, he was able to present this argument in connection with the underlying motion. He has not established that any manifest error of law or fact occurred or presented any newly discovered or previously unavailable evidence.

**E. Claim was Overlooked**

Finally, Plaintiff claims that the conditions at ESP are atrocious, and implies that his valid claim was overlooked by the court in this instance. (*Id.*)

In this final point, Plaintiff has failed to raise a valid reason for the court to alter or amend the judgment.

**F. Conclusion**

Having failed to establish that there is newly discovered or previously unavailable evidence, that there has been an intervening change in controlling law, or that alteration or amendment of the judgment is necessary to correct manifest errors of law or fact or to prevent manifest injustice, Plaintiff's motion should be denied.

///

///

5

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion to Alter or Amend the Judgment (Doc. # 35).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**DATED: February 6, 2014.**

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**